UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| LEE J. HALL, on behalf of himself and as Administrator of the Estates of FELISHA HALL, LEE HALL, and MADISON HALL, | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) No. 2:22-cv-2213 |
| | ) |
| ANTHONY AUSTIN and KAL'S ROADHOUSE BAR AND GRILL CO., | ) **JURY TRIAL DEMANDED**<br>)<br>) |
| Defendants. | ) |

## PLAINTIFF'S COMPLAINT

The Plaintiff, LEE J. HALL, on behalf of himself and as Administrator of the Estates of FELISHA HALL, LEE HALL, and MADISON HALL (hereinafter "Plaintiff"), through his attorneys, Agruss Law Firm, LLC, alleges the following against Defendants, ANTHONY AUSTIN and KAL'S ROADHOUSE BAR AND GRILL CO. (hereinafter "Austin" and "Kal's Roadhouse" respectively and "Defendants" collectively):

### INTRODUCTION

1. On or about October 2, 2022, Felisha Hall, Lee Hall, and Madison Hall were killed in a motor vehicle collision.

2. Plaintiff is the surviving son of Felisha Hall and Lee Hall, and the surviving brother of Madison Hall.

3. Plaintiff is a citizen of the State of Indiana.

4. Defendants are citizens of the State of Illinois.

**FACTS**

5. On October 1-2, 2022, and at all times relevant hereto Defendant Kal's Roadhouse possessed, owned, operated, maintained, and controlled a certain liquor establishment/bar/tavern located at 2526 Georgetown Road, City of Danville, Vermilion County, State of Illinois, known as Kal's Roadhouse Bar and Grill, wherein Kal's Roadhouse, by and through its agents, servants, security and/or employees, sold and served or gave alcoholic liquors to the general public, and more specifically to a male patron, Co-Defendant Austin, who fatally injured Felisha Hall, Lee Hall, and Madison Hall.

6. At all relevant times herein, Kal's Roadhouse was in the business of selling or providing alcoholic beverages as a part of its regular and customary business and invited members of the public to its business.

7. At the foresaid date and location, Kal's Roadhouse, on its premises, by and through its duly authorized servants, employees and/or agents, and acting within the course and scope of their employment, sold or gave alcoholic liquor to Austin, which Austin consumed.

8. At all said relevant times and dates, Austin consumed said alcoholic liquor and was thereby caused in whole to become intoxicated as a result of liquor sold and/or furnished to him by Kal's Roadhouse.

9. On October 2, 2022, at approximately 12:02 a.m., after drinking alcoholic liquor at Kal's Roadhouse, Austin was driving his GMC Sierra truck southbound on Catlin-Indianola Road near its intersection with County Road 550 North in Carroll Township, Vermilion County, State of Illinois.

10. On October 2, 2022, at approximately 12:02 a.m., Lee Hall was lawfully driving a Chevrolet Silverado northbound on Catlin-Indianola Road near its intersection with County

Road 550 North.

11. On October 2, 2022, at approximately 12:02 a.m., Felisha Hall and Madison Hall were passengers in the vehicle driven by Lee Hall.

12. On October 2, 2022, at approximately 12:02 a.m., Austin, while driving southbound on Catlin-Indianola Road near its intersection with County Road 550 North, drove into the northbound lane and struck the vehicle in which, Felisha Hall, Lee Hall, and Madison Hall were situated.

13. Felisha Hall, Lee Hall, and Madison Hall were pronounced dead at the scene of the collision.

14. Said alcoholic liquors consumed by Austin caused his intoxication and as a result of the intoxication, Austin inflicted fatal injuries upon Felisha Hall, Lee Hall, and Madison Hall.

15. The primary cause of the collision was found to be from Defendant being under the influence of alcohol.

16. By reason of all of the foregoing, Felisha Hall, Lee Hall, and Madison Hall suffered mortal injuries.

17. By reason of the foregoing, Plaintiff has suffered loss of society.

18. At all relevant times herein, the Illinois Liquor Control Act of 1934, 235 ILCS 5/6-21 (hereinafter "Dram Shop Act") was in full force and effect, which Plaintiff brings this action pursuant to.

19. At all relevant times herein, the Illinois Wrongful Death Act, Section 740 ILCS 180/0.01, was in full force and effect, which Plaintiff brings this action pursuant to.

20. At the aforesaid dates and locations, Felisha Hall, Lee Hall, and Madison Hall did not buy or otherwise provide Austin with intoxicating liquors.

21. At the aforesaid dates and locations, Felisha Hall, Lee Hall, and Madison Hall were not complicit in the intoxication of Austin.

22. At the aforesaid dates and locations, Felisha Hall, Lee Hall, and Madison Hall did not provoke Austin.

23. At the aforesaid dates and locations, Plaintiff did not buy or otherwise provide Austin with intoxicating liquors.

24. At the aforesaid dates and locations, Plaintiff was not complicit in the intoxication of Austin.

25. At the aforesaid dates and locations, Plaintiff did not provoke Austin.

**COUNT I**
**LEE J. HALL v. ANTHONY AUSTIN**
**WRONGFUL DEATH OF FELISHA HALL (Negligence)**

26. Plaintiff repeats and realleges paragraphs 1-25 of Plaintiff's Complaint as the allegations in Count I of Plaintiff's Complaint.

27. At all times mentioned herein, Austin had the duty to use ordinary care for the safety of Felisha Hall.

28. At the time and place aforesaid, Austin, was negligent by breaching his aforesaid duty in one or more of the following acts and/or omissions:

    a. Drove his vehicle while under the influence of alcohol;
    b. Drove his vehicle while he was intoxicated;
    c. Failed to reduce his speed while approaching an oncoming vehicle;
    d. Drove his vehicle too fast for the conditions;
    e. Failed to keep a proper lookout so as to avoid collisions with others in violation of 625 ILCS 5/11-601;
    f. Failed to decrease his speed so as to avoid collisions with others in violation of 625 ILCS 5/11-601;
    g. Failed to keep the motor vehicle he was driving under proper control;
    h. Drove said vehicle without brakes adequate to control its movement, and to stop and hold it, in violation of 625 ILCS 5/12-301;

      i. Drove his vehicle outside of his lane of travel;
      j. Failed to remain within a single lane in violation of 625 ILCS 5/11-709;
      k. Operated his vehicle without keeping a proper and sufficient lookout;
      l. Failed to yield the right of way;
      m. Failed to stop said vehicle in time to avoid said collision, although Defendant saw, or should have seen, that it was impending and had ample time and opportunity to avoid it;
      n. Operated the motor vehicle he was driving at an excessive rate of speed;
      o. Failed to keep the motor vehicle he was driving under proper control;
      p. Swerved into Plaintiff's lane of traffic when he knew or should have known that the timing of his maneuver created a high risk of collision with Plaintiff's vehicle;
      q. Operated the motor vehicle he was driving in a manner not conforming to the motor vehicle laws and regulations of the State of Illinois;
      r. Failed to operate his vehicle in a reasonably safe manner so as not to cause injury to Felisha Hall; and
      s. Was otherwise careless and/or negligent.

29. As a proximate result of one or more of the aforementioned negligent acts and/or omissions of Austin, Felisha Hall sustained injuries that caused her death.

30. Plaintiff's decedent, Felisha Hall, left surviving her Plaintiff as her sole next of kin.

31. As next of kin, Plaintiff suffered injuries as a result of the death of Felisha Hall, including but not limited to loss of companionship, money, goods, services, society, support, and further caused him mental sorrow, grief, and anguish.

WHEREFORE, Plaintiff, LEE J. HALL, on behalf of himself and as Administrator of the Estate of FALISHA HALL, prays for judgment against Defendant, ANTHONY AUSTIN, in an amount in excess of seventy-five thousand dollars ($75,000.00); award of attorneys' fees, litigation expenses, and costs; and a grant of all other relief deemed appropriate.

### COUNT II
### LEE J. HALL v. ANTHONY AUSTIN
### WRONGFUL DEATH OF LEE HALL (Negligence)

32. Plaintiff repeats and realleges paragraphs 1-25 of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

33. At all times mentioned herein, Austin had the duty to use ordinary care for the safety of Lee Hall.

34. At the time and place aforesaid, Austin, was negligent by breaching his aforesaid duty in one or more of the following acts and/or omissions:

    a. Drove his vehicle while under the influence of alcohol;
    b. Drove his vehicle while he was intoxicated;
    c. Failed to reduce his speed while approaching an oncoming vehicle;
    d. Drove his vehicle too fast for the conditions;
    e. Failed to keep a proper lookout so as to avoid collisions with others in violation of 625 ILCS 5/11-601;
    f. Failed to decrease his speed so as to avoid collisions with others in violation of 625 ILCS 5/11-601;
    g. Failed to keep the motor vehicle he was driving under proper control;
    h. Drove said vehicle without brakes adequate to control its movement, and to stop and hold it, in violation of 625 ILCS 5/12-301;
    i. Drove his vehicle outside of his lane of travel;
    j. Failed to remain within a single lane in violation of 625 ILCS 5/11-709;
    k. Operated his vehicle without keeping a proper and sufficient lookout;
    l. Failed to yield the right of way;
    m. Failed to stop said vehicle in time to avoid said collision, although Defendant saw, or should have seen, that it was impending and had ample time and opportunity to avoid it;
    n. Operated the motor vehicle he was driving at an excessive rate of speed;
    o. Failed to keep the motor vehicle he was driving under proper control;
    p. Swerved into Plaintiff's lane of traffic when he knew or should have known that the timing of his maneuver created a high risk of collision with Plaintiff's vehicle;
    q. Operated the motor vehicle he was driving in a manner not conforming to the motor vehicle laws and regulations of the State of Illinois;
    r. Failed to operate his vehicle in a reasonably safe manner so as not to cause injury to Lee Hall; and
    s. Was otherwise careless and/or negligent.

35. As a proximate result of one or more of the aforementioned negligent acts and/or omissions of Austin, Lee Hall sustained injuries that caused his death.

36. Plaintiff's decedent, Lee Hall, left surviving his Plaintiff as his sole next of kin.

37. As next of kin, Plaintiff suffered injuries as a result of the death of Lee Hall, including but not limited to loss of companionship, money, goods, services, society, support, and further

caused him mental sorrow, grief, and anguish.

WHEREFORE, Plaintiff, LEE J. HALL, on behalf of himself and as Administrator of the Estate of LEE HALL, prays for judgment against Defendant, ANTHONY AUSTIN, in an amount in excess of seventy-five thousand dollars ($75,000.00); award of attorneys' fees, litigation expenses, and costs; and a grant of all other relief deemed appropriate.

## COUNT III
## LEE J. HALL v. ANTHONY AUSTIN
## WRONGUL DEATH OF MADISON HALL (Negligence)

38. Plaintiff repeats and realleges paragraphs 1-25 of Plaintiff's Complaint as the allegations in Count III of Plaintiff's Complaint.

39. At all times mentioned herein, Austin had the duty to use ordinary care for the safety of Madison Hall.

40. At the time and place aforesaid, Austin, was negligent by breaching his aforesaid duty in one or more of the following acts and/or omissions:

    a. Drove his vehicle while under the influence of alcohol;
    b. Drove his vehicle while he was intoxicated;
    c. Failed to reduce his speed while approaching an oncoming vehicle;
    d. Drove his vehicle too fast for the conditions;
    e. Failed to keep a proper lookout so as to avoid collisions with others in violation of 625 ILCS 5/11-601;
    f. Failed to decrease his speed so as to avoid collisions with others in violation of 625 ILCS 5/11-601;
    g. Failed to keep the motor vehicle he was driving under proper control;
    h. Drove said vehicle without brakes adequate to control its movement, and to stop and hold it, in violation of 625 ILCS 5/12-301;
    i. Drove his vehicle outside of his lane of travel;
    j. Failed to remain within a single lane in violation of 625 ILCS 5/11-709;
    k. Operated his vehicle without keeping a proper and sufficient lookout;
    l. Failed to yield the right of way;
    m. Failed to stop said vehicle in time to avoid said collision, although Defendant saw, or should have seen, that it was impending and had ample time and opportunity to avoid it;
    n. Operated the motor vehicle he was driving at an excessive rate of speed;

o. Failed to keep the motor vehicle he was driving under proper control;
p. Swerved into Plaintiff's lane of traffic when he knew or should have known that the timing of his maneuver created a high risk of collision with Plaintiff's vehicle;
q. Operated the motor vehicle he was driving in a manner not conforming to the motor vehicle laws and regulations of the State of Illinois;
r. Failed to operate his vehicle in a reasonably safe manner so as not to cause injury to Madison Hall; and
s. Was otherwise careless and/or negligent.

41. As a proximate result of one or more of the aforementioned negligent acts and/or omissions of Austin, Madison Hall sustained injuries that caused her death.

42. Plaintiff's decedent, Madison Hall, left surviving her Plaintiff as her sole next of kin.

43. As next of kin, Plaintiff suffered injuries as a result of the death of Madison Hall, including but not limited to loss of companionship, money, goods, services, society, support, and further caused him mental sorrow, grief, and anguish.

WHEREFORE, Plaintiff, LEE J. HALL, on behalf of himself and as Administrator of the Estate of MADISON HALL, prays for judgment against Defendant, ANTHONY AUSTIN, in an amount in excess of seventy-five thousand dollars ($75,000.00); award of attorneys' fees, litigation expenses, and costs; and a grant of all other relief deemed appropriate.

**COUNT IV**
**LEE J. HALL, Individually v. KAL'S ROADHOUSE BAR AND GRILL CO.**
**DRAM SHOP ACT VIOLATIONS as to FELISHA HALL**

44. Plaintiff repeats and realleges paragraphs 1-25 of Plaintiff's Complaint as the allegations in Count IV of Plaintiff's Complaint.

45. At all relevant times herein, the Dram Shop Act stated:

> An action shall lie for injuries to either means of support or loss of society, but not both, caused by an intoxicated person or in consequence of the intoxication of any person resulting as hereinabove set out.

46. Plaintiff, on behalf of himself, brings this claim for the loss of means of support from

8

and/or loss of society of FELISHA HALL.

WHEREFORE, Plaintiff, LEE J. HALL, Individually, prays for judgment against Defendant, KAL'S ROADHOUSE BAR AND GRILL CO., in a sum not to exceed the statutory limits and for all other relief deemed appropriate.

### COUNT V
### LEE J. HALL, Individually v. KAL'S ROADHOUSE BAR AND GRILL CO.
### DRAM SHOP ACT VIOLATIONS as to LEE HALL

47. Plaintiff repeats and realleges paragraphs 1-25 of Plaintiff's Complaint as the allegations in Count V of Plaintiff's Complaint.

48. At all relevant times herein, the Dram Shop Act stated:

> An action shall lie for injuries to either means of support or loss of society, but not both, caused by an intoxicated person or in consequence of the intoxication of any person resulting as hereinabove set out.

49. Plaintiff, on behalf of himself, brings this claim for the loss of means of support from and/or loss of society of LEE HALL.

WHEREFORE, Plaintiff, LEE J. HALL, Individually, prays for judgment against Defendant, KAL'S ROADHOUSE BAR AND GRILL CO., in a sum not to exceed the statutory limits and for all other relief deemed appropriate.

### COUNT VI
### LEE J. HALL, Individually v. KAL'S ROADHOUSE BAR AND GRILL CO.
### DRAM SHOP ACT VIOLATIONS as to MADISON HALL

50. Plaintiff repeats and realleges paragraphs 1-25 of Plaintiff's Complaint as the allegations in Count VI of Plaintiff's Complaint.

51. At all relevant times herein, the Dram Shop Act stated:

> An action shall lie for injuries to either means of support or loss of society, but not both, caused by an intoxicated person or in

> consequence of the intoxication of any person resulting as hereinabove set out.

52. Plaintiff, on behalf of himself, brings this claim for the loss of society of MADISON HALL.

WHEREFORE, Plaintiff, LEE J. HALL, Individually, prays for judgment against Defendant, KAL'S ROADHOUSE BAR AND GRILL CO., in a sum not to exceed the statutory limits and for all other relief deemed appropriate.

## COUNT VII
### LEE J. HALL, Individually and as Administrator of the Estate of FELISHA HALL v. KAL'S ROADHOUSE BAR AND GRILL CO. DRAM SHOP ACT VIOLATIONS

53. Plaintiff repeats and realleges paragraphs 1-25 of Plaintiff's Complaint as the allegations in Count VII of Plaintiff's Complaint.

54. At all relevant times herein, the Dram Shop Act stated:

> Every person who is injured within this State, in person or property, by any intoxicated person has a right of action in his or her own name, severally or jointly, against any person, licensed under the laws of this State or of any other state to sell alcoholic liquor, who, by selling or giving alcoholic liquor, within or without the territorial limits of this State, causes the intoxication of such person.

55. Felisha Hall was injured by an intoxicated person, Austin, who was sold or gifted alcoholic liquor by Kal's Roadhouse, which caused Austin's intoxication.

WHEREFORE, Plaintiff, LEE J. HALL, Individually and as Administrator of the Estate of FELISHA HALL, prays for judgment against Defendant, KAL'S ROADHOUSE BAR AND GRILL CO., in a sum not to exceed the statutory limits and for all other relief deemed appropriate.

## COUNT VIII
### LEE J. HALL, Individually and as Administrator of the Estate of LEE HALL
### v. KAL'S ROADHOUSE BAR AND GRILL CO.
### DRAM SHOP ACT VIOLATIONS

56. Plaintiff repeats and realleges paragraphs 1-25 of Plaintiff's Complaint as the allegations in Count VIII of Plaintiff's Complaint.

57. At all relevant times herein, the Dram Shop Act stated:

> Every person who is injured within this State, in person or property, by any intoxicated person has a right of action in his or her own name, severally or jointly, against any person, licensed under the laws of this State or of any other state to sell alcoholic liquor, who, by selling or giving alcoholic liquor, within or without the territorial limits of this State, causes the intoxication of such person.

58. Lee Hall was injured by an intoxicated person, Austin, who was sold or gifted alcoholic liquor by Kal's Roadhouse, which caused Austin's intoxication.

WHEREFORE, Plaintiff, LEE J. HALL, Individually and as Administrator of the Estate of LEE HALL, prays for judgment against Defendant, KAL'S ROADHOUSE BAR AND GRILL CO., in a sum not to exceed the statutory limits and for all other relief deemed appropriate.

## COUNT IV
### LEE J. HALL, Individually and as Administrator of the Estate of MADISON HALL
### v. KAL'S ROADHOUSE BAR AND GRILL CO.
### DRAM SHOP ACT VIOLATIONS

59. Plaintiff repeats and realleges paragraphs 1-25 of Plaintiff's Complaint as the allegations in Count IV of Plaintiff's Complaint.

60. At all relevant times herein, the Dram Shop Act stated:

> Every person who is injured within this State, in person or property, by any intoxicated person has a right of action in his or her own name, severally or jointly, against any person, licensed under the laws of this State or of any other state to sell alcoholic liquor, who, by selling or giving alcoholic liquor, within or without the territorial limits of this State, causes the intoxication of such person.

61. Madison Hall was injured by an intoxicated person, Austin, who was sold or gifted alcoholic liquor by Kal's Roadhouse, which caused Austin's intoxication.

WHEREFORE, Plaintiff, LEE J. HALL, Individually and as Administrator of the Estate of MADISON HALL, prays for judgment against Defendant, KAL'S ROADHOUSE BAR AND GRILL CO., in a sum not to exceed the statutory limits and for all other relief deemed appropriate.

DATED: October 6, 2022                    RESPECTFULLY SUBMITTED,


By: /s/ Michael S. Agruss
    Michael S. Agruss
    IL SBN: 628100
    Agruss Law Firm, LLC
    4809 N. Ravenswood Ave., Suite 419
    Chicago, IL 60640
    Tel: 312-224-4695
    Fax: 312-253-4451
    michael@agrusslawfirm.com
    Attorney for Plaintiff