E-FILED
Tuesday, 13 December, 2022  03:02:09 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## URBANA DIVISION

| | | |
|---|---|---|
| LEE J. HALL, on behalf of himself and as Administrator of the Estates of FELISHA HALL, LEE HALL, and MADISON HALL, | ) ) ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:22-cv-02213-CSB-EIL |
| | ) | |
| ANTHONY AUSTIN, ESQUIRE LOUNGE, INC., 3BROS HOSPITALITY, LLC dba POUR BROS. CRAFT TAPROOM, and JUPITER'S BILLIARDS & PIZZERIA, INC., | ) ) ) ) | |
| | ) | **JURY TRIAL DEMANDED** |
| Defendants. | ) | |

## PLAINTIFF'S SECOND AMENDED COMPLAINT

The Plaintiff, LEE J. HALL, on behalf of himself and as Administrator of the Estates of FELISHA HALL, LEE HALL, and MADISON HALL (hereinafter "Plaintiff"), through his attorneys, Agruss Law Firm, LLC, alleges the following against Defendants, ANTHONY AUSTIN ("Austin"), ESQUIRE LOUNGE, INC. ("Esquire"), 3BROS HOSPITALITY, LLC, dba POUR BROS. CRAFT TAPROOM ("Pour Bros"), and JUPITER'S BILLIARDS & PIZZERIA, INC. ("Jupiter's"),  (collectively, "Defendants"):

### INTRODUCTION

1. On or about October 2, 2022, Felisha Hall, Lee Hall, and Madison Hall were killed in a motor vehicle collision.

2. Plaintiff is the surviving son of Felisha Hall and Lee Hall, and the surviving brother of Madison Hall.

3. Plaintiff is a citizen of the State of Indiana.

4.  Defendants are citizens of the State of Illinois.

**FACTS**

5.  On October 1-2, 2022, and at all times relevant hereto Defendant Esquire possessed, owned, operated, maintained, and controlled a certain liquor establishment/bar/tavern located at 106 N. Walnut Street, City of Champaign, Champaign County, State of Illinois, known as Esquire Lounge, Inc., wherein Esquire, by and through its agents, servants, security and/or employees, sold and served or gave alcoholic liquors to the general public, and more specifically to a male patron, Co-Defendant Austin, who fatally injured Felisha Hall, Lee Hall, and Madison Hall.

6.  On October 1-2, 2022, and at all times relevant hereto Defendant Pour Bros possessed, owned, operated, maintained, and controlled a certain liquor establishment/bar/tavern located at 40 E. University Avenue, City of Champaign, Champaign County, State of Illinois, known as Pour Bros. Craft Taproom, wherein Pour Bros, by and through its agents, servants, security and/or employees, sold and served or gave alcoholic liquors to the general public, and more specifically to a male patron, Co-Defendant Austin, who fatally injured Felisha Hall, Lee Hall, and Madison Hall.

7.  On October 1-2, 2022, and at all times relevant hereto Defendant Jupiter's possessed, owned, operated, maintained, and controlled a certain liquor establishment/bar/tavern located at 39 E. Main Street, City of Champaign, Champaign County, State of Illinois, known as Jupiter's Pizzeria & Billiards, wherein Jupiter's, by and through its agents, servants, security and/or employees, sold and served or gave alcoholic liquors to the general public, and more specifically to a male patron, Co-Defendant Austin, who fatally injured Felisha Hall, Lee Hall, and Madison Hall.

2

8. At all relevant times herein, Esquire, Pour Bros, and Jupiter's were in the business of selling or providing alcoholic beverages as a part of their regular and customary business and invited members of the public to their business.

9. At the foresaid date and location, Esquire, Pour Bros, and Jupiter's, on their premises, by and through their duly authorized servants, employees and/or agents, and acting within the course and scope of their employment, sold or gave alcoholic liquor to Austin, which Austin consumed.

10. At all said relevant times and dates, Austin consumed said alcoholic liquor and was thereby caused in whole to become intoxicated as a result of liquor sold and/or furnished to him by Esquire, Pour Bros, and Jupiter's.

11. On October 2, 2022, at approximately 12:02 a.m., after drinking alcoholic liquor at Esquire, Pour Bros, and Jupiter's, Austin was driving his GMC Sierra truck southbound on Catlin-Indianola Road near its intersection with County Road 550 North in Carroll Township, Vermilion County, State of Illinois.

12. On October 2, 2022, at approximately 12:02 a.m., Lee Hall was lawfully driving a Chevrolet Silverado northbound on Catlin-Indianola Road near its intersection with County Road 550 North.

13. On October 2, 2022, at approximately 12:02 a.m., Felisha Hall and Madison Hall were passengers in the vehicle driven by Lee Hall.

14. On October 2, 2022, at approximately 12:02 a.m., Austin, while driving southbound on Catlin-Indianola Road near its intersection with County Road 550 North, drove into the northbound lane and struck the vehicle in which, Felisha Hall, Lee Hall, and Madison Hall were situated.

3

15. Felisha Hall, Lee Hall, and Madison Hall were pronounced dead at the scene of the collision.

16. Said alcoholic liquors consumed by Austin caused his intoxication and as a result of the intoxication, Austin inflicted fatal injuries upon Felisha Hall, Lee Hall, and Madison Hall.

17. The primary cause of the collision was found to be from Defendant Austin being under the influence of alcohol.

18. By reason of all of the foregoing, Felisha Hall, Lee Hall, and Madison Hall suffered mortal injuries.

19. By reason of the foregoing, Plaintiff has suffered loss of society.

20. At all relevant times herein, the Illinois Liquor Control Act of 1934, 235 ILCS 5/6-21 (hereinafter "Dram Shop Act") was in full force and effect, which Plaintiff brings this action pursuant to.

21. At all relevant times herein, the Illinois Wrongful Death Act, Section 740 ILCS 180/0.01, was in full force and effect, which Plaintiff brings this action pursuant to.

22. At the aforesaid dates and locations, Felisha Hall, Lee Hall, and Madison Hall did not buy or otherwise provide Austin with intoxicating liquors.

23. At the aforesaid dates and locations, Felisha Hall, Lee Hall, and Madison Hall were not complicit in the intoxication of Austin.

24. At the aforesaid dates and locations, Felisha Hall, Lee Hall, and Madison Hall did not provoke Austin.

25. At the aforesaid dates and locations, Plaintiff did not buy or otherwise provide Austin with intoxicating liquors.

26. At the aforesaid dates and locations, Plaintiff was not complicit in the intoxication of

4

Austin.

27. At the aforesaid dates and locations, Plaintiff did not provoke Austin.

**COUNT 1**
**LEE J. HALL v. ANTHONY AUSTIN**
**WRONGFUL DEATH OF FELISHA HALL (Negligence)**

26. Plaintiff repeats and realleges paragraphs 1-27 of Plaintiff's Complaint as the allegations

in Count 1 of Plaintiff's Complaint.

27. At all times mentioned herein, Austin had the duty to use ordinary care for the safety of

Felisha Hall.

28. At the time and place aforesaid, Austin, was negligent by breaching his aforesaid duty in

one or more of the following acts and/or omissions:

    a. Drove his vehicle while under the influence of alcohol;
    b. Drove his vehicle while he was intoxicated;
    c. Failed to reduce his speed while approaching an oncoming vehicle;
    d. Drove his vehicle too fast for the conditions;
    e. Failed to keep a proper lookout so as to avoid collisions with others in violation of
       625 ILCS 5/11-601;
    f. Failed to decrease his speed so as to avoid collisions with others in violation of 625
       ILCS 5/11-601;
    g. Failed to keep the motor vehicle he was driving under proper control;
    h. Drove said vehicle without brakes adequate to control its movement, and to stop
       and hold it, in violation of 625 ILCS 5/12-301;
    i. Drove his vehicle outside of his lane of travel;
    j. Failed to remain within a single lane in violation of 625 ILCS 5/11-709;
    k. Operated his vehicle without keeping a proper and sufficient lookout;
    l. Failed to yield the right of way;
    m. Failed to stop said vehicle in time to avoid said collision, although Defendant saw,
       or should have seen, that it was impending and had ample time and opportunity to
       avoid it;
    n. Operated the motor vehicle he was driving at an excessive rate of speed;
    o. Failed to keep the motor vehicle he was driving under proper control;
    p. Swerved into Plaintiff's lane of traffic when he knew or should have known that
       the timing of his maneuver created a high risk of collision with Plaintiff's vehicle;
    q. Operated the motor vehicle he was driving in a manner not conforming to the motor
       vehicle laws and regulations of the State of Illinois;
    r. Failed to operate his vehicle in a reasonably safe manner so as not to cause injury

to Felisha Hall; and

s.  Was otherwise careless and/or negligent.

29. As a proximate result of one or more of the aforementioned negligent acts and/or omissions of Austin, Felisha Hall sustained injuries that caused her death.

30. Plaintiff's decedent, Felisha Hall, left surviving her Plaintiff as her sole next of kin.

31. As next of kin, Plaintiff suffered injuries as a result of the death of Felisha Hall, including but not limited to loss of companionship, money, goods, services, society, support, and further caused him mental sorrow, grief, and anguish.

WHEREFORE, Plaintiff, LEE J. HALL, on behalf of himself and as Administrator of the Estate of FELISHA HALL, prays for judgment against Defendant, ANTHONY AUSTIN, in an amount in excess of seventy-five thousand dollars ($75,000.00); award of attorneys' fees, litigation expenses, and costs; and a grant of all other relief deemed appropriate.

## COUNT 2
## LEE J. HALL v. ANTHONY AUSTIN
## WRONGFUL DEATH OF LEE HALL (Negligence)

32. Plaintiff repeats and realleges paragraphs 1-27 of Plaintiff's Complaint as the allegations in Count 2 of Plaintiff's Complaint.

33. At all times mentioned herein, Austin had the duty to use ordinary care for the safety of Lee Hall.

34. At the time and place aforesaid, Austin, was negligent by breaching his aforesaid duty in one or more of the following acts and/or omissions:

a.  Drove his vehicle while under the influence of alcohol;
b.  Drove his vehicle while he was intoxicated;
c.  Failed to reduce his speed while approaching an oncoming vehicle;
d.  Drove his vehicle too fast for the conditions;
e.  Failed to keep a proper lookout so as to avoid collisions with others in violation of 625 ILCS 5/11-601;

6

    f.   Failed to decrease his speed so as to avoid collisions with others in violation of 625 ILCS 5/11-601;

    g.   Failed to keep the motor vehicle he was driving under proper control;

    h.   Drove said vehicle without brakes adequate to control its movement, and to stop and hold it, in violation of 625 ILCS 5/12-301;

    i.   Drove his vehicle outside of his lane of travel;

    j.   Failed to remain within a single lane in violation of 625 ILCS 5/11-709;

    k.   Operated his vehicle without keeping a proper and sufficient lookout;

    l.   Failed to yield the right of way;

    m.   Failed to stop said vehicle in time to avoid said collision, although Defendant saw, or should have seen, that it was impending and had ample time and opportunity to avoid it;

    n.   Operated the motor vehicle he was driving at an excessive rate of speed;

    o.   Failed to keep the motor vehicle he was driving under proper control;

    p.   Swerved into Plaintiff's lane of traffic when he knew or should have known that the timing of his maneuver created a high risk of collision with Plaintiff's vehicle;

    q.   Operated the motor vehicle he was driving in a manner not conforming to the motor vehicle laws and regulations of the State of Illinois;

    r.   Failed to operate his vehicle in a reasonably safe manner so as not to cause injury to Lee Hall; and

    s.   Was otherwise careless and/or negligent.

35. As a proximate result of one or more of the aforementioned negligent acts and/or omissions of Austin, Lee Hall sustained injuries that caused his death.

36. Plaintiff's decedent, Lee Hall, left surviving his Plaintiff as his sole next of kin.

37. As next of kin, Plaintiff suffered injuries as a result of the death of Lee Hall, including but not limited to loss of companionship, money, goods, services, society, support, and further caused him mental sorrow, grief, and anguish.

    WHEREFORE, Plaintiff, LEE J. HALL, on behalf of himself and as Administrator of the Estate of LEE HALL, prays for judgment against Defendant, ANTHONY AUSTIN, in an amount in excess of seventy-five thousand dollars ($75,000.00); award of attorneys' fees, litigation expenses, and costs; and a grant of all other relief deemed appropriate.

## COUNT 3
## LEE J. HALL v. ANTHONY AUSTIN
## WRONGUL DEATH OF MADISON HALL (Negligence)

38. Plaintiff repeats and realleges paragraphs 1-27 of Plaintiff's Complaint as the allegations

in Count 3 of Plaintiff's Complaint.

39. At all times mentioned herein, Austin had the duty to use ordinary care for the safety of

Madison Hall.

40. At the time and place aforesaid, Austin, was negligent by breaching his aforesaid duty in

one or more of the following acts and/or omissions:

    a. Drove his vehicle while under the influence of alcohol;
    b. Drove his vehicle while he was intoxicated;
    c. Failed to reduce his speed while approaching an oncoming vehicle;
    d. Drove his vehicle too fast for the conditions;
    e. Failed to keep a proper lookout so as to avoid collisions with others in violation of 625 ILCS 5/11-601;
    f. Failed to decrease his speed so as to avoid collisions with others in violation of 625 ILCS 5/11-601;
    g. Failed to keep the motor vehicle he was driving under proper control;
    h. Drove said vehicle without brakes adequate to control its movement, and to stop and hold it, in violation of 625 ILCS 5/12-301;
    i. Drove his vehicle outside of his lane of travel;
    j. Failed to remain within a single lane in violation of 625 ILCS 5/11-709;
    k. Operated his vehicle without keeping a proper and sufficient lookout;
    l. Failed to yield the right of way;
    m. Failed to stop said vehicle in time to avoid said collision, although Defendant saw, or should have seen, that it was impending and had ample time and opportunity to avoid it;
    n. Operated the motor vehicle he was driving at an excessive rate of speed;
    o. Failed to keep the motor vehicle he was driving under proper control;
    p. Swerved into Plaintiff's lane of traffic when he knew or should have known that the timing of his maneuver created a high risk of collision with Plaintiff's vehicle;
    q. Operated the motor vehicle he was driving in a manner not conforming to the motor vehicle laws and regulations of the State of Illinois;
    r. Failed to operate his vehicle in a reasonably safe manner so as not to cause injury to Madison Hall; and
    s. Was otherwise careless and/or negligent.

41. As a proximate result of one or more of the aforementioned negligent acts and/or omissions

8

of Austin, Madison Hall sustained injuries that caused her death.

42. Plaintiff's decedent, Madison Hall, left surviving her Plaintiff as her sole next of kin.

43. As next of kin, Plaintiff suffered injuries as a result of the death of Madison Hall, including but not limited to loss of companionship, money, goods, services, society, support, and further caused him mental sorrow, grief, and anguish.

WHEREFORE, Plaintiff, LEE J. HALL, on behalf of himself and as Administrator of the Estate of MADISON HALL, prays for judgment against Defendant, ANTHONY AUSTIN, in an amount in excess of seventy-five thousand dollars ($75,000.00); award of attorneys' fees, litigation expenses, and costs; and a grant of all other relief deemed appropriate.

### COUNT 4
### LEE J. HALL, Individually v. ESQUIRE LOUNGE, INC.
### DRAM SHOP ACT VIOLATIONS as to FELISHA HALL

44. Plaintiff repeats and realleges paragraphs 1-27 of Plaintiff's Complaint as the allegations in Count 4 of Plaintiff's Complaint.

45. At all relevant times herein, the Dram Shop Act stated:

> An action shall lie for injuries to either means of support or loss of society, but not both, caused by an intoxicated person or in consequence of the intoxication of any person resulting as hereinabove set out.

46. Plaintiff, on behalf of himself, brings this claim for the loss of means of support from and/or loss of society of FELISHA HALL.

WHEREFORE, Plaintiff, LEE J. HALL, Individually, prays for judgment against Defendant, ESQUIRE LOUNGE, INC., in a sum not to exceed the statutory limits and for all other relief deemed appropriate.

## COUNT 5
### LEE J. HALL, Individually v. ESQUIRE LOUNGE, INC.
### DRAM SHOP ACT VIOLATIONS as to LEE HALL

47. Plaintiff repeats and realleges paragraphs 1-27 of Plaintiff's Complaint as the allegations in Count 5 of Plaintiff's Complaint.

48. At all relevant times herein, the Dram Shop Act stated:

> An action shall lie for injuries to either means of support or loss of society, but not both, caused by an intoxicated person or in consequence of the intoxication of any person resulting as hereinabove set out.

49. Plaintiff, on behalf of himself, brings this claim for the loss of means of support from and/or loss of society of LEE HALL.

WHEREFORE, Plaintiff, LEE J. HALL, Individually, prays for judgment against Defendant, ESQUIRE LOUNGE, INC., in a sum not to exceed the statutory limits and for all other relief deemed appropriate.

## COUNT 6
### LEE J. HALL, Individually v. ESQUIRE LOUNGE, INC.
### DRAM SHOP ACT VIOLATIONS as to MADISON HALL

50. Plaintiff repeats and realleges paragraphs 1-27 of Plaintiff's Complaint as the allegations in Count 6 of Plaintiff's Complaint.

51. At all relevant times herein, the Dram Shop Act stated:

> An action shall lie for injuries to either means of support or loss of society, but not both, caused by an intoxicated person or in consequence of the intoxication of any person resulting as hereinabove set out.

52. Plaintiff, on behalf of himself, brings this claim for the loss of society of MADISON HALL.

WHEREFORE, Plaintiff, LEE J. HALL, Individually, prays for judgment against

Defendant, ESQUIRE LOUNGE, INC., in a sum not to exceed the statutory limits and for all other relief deemed appropriate.

## COUNT 7
### LEE J. HALL, Individually and as Administrator of the Estate of FELISHA HALL v. ESQUIRE LOUNGE, INC.
### DRAM SHOP ACT VIOLATIONS

53. Plaintiff repeats and realleges paragraphs 1-27 of Plaintiff's Complaint as the allegations in Count 7 of Plaintiff's Complaint.

54. At all relevant times herein, the Dram Shop Act stated:

> Every person who is injured within this State, in person or property, by any intoxicated person has a right of action in his or her own name, severally or jointly, against any person, licensed under the laws of this State or of any other state to sell alcoholic liquor, who, by selling or giving alcoholic liquor, within or without the territorial limits of this State, causes the intoxication of such person.

55. Felisha Hall was injured by an intoxicated person, Austin, who was sold or gifted alcoholic liquor by Esquire, which caused Austin's intoxication.

WHEREFORE, Plaintiff, LEE J. HALL, Individually and as Administrator of the Estate of FELISHA HALL, prays for judgment against Defendant, ESQUIRE LOUNGE, INC., in a sum not to exceed the statutory limits and for all other relief deemed appropriate.

## COUNT 8
### LEE J. HALL, Individually and as Administrator of the Estate of LEE HALL v. ESQUIRE LOUNGE, INC.
### DRAM SHOP ACT VIOLATIONS

56. Plaintiff repeats and realleges paragraphs 1-27 of Plaintiff's Complaint as the allegations in Count 8 of Plaintiff's Complaint.

57. At all relevant times herein, the Dram Shop Act stated:

> Every person who is injured within this State, in person or property, by any intoxicated person has a right of action in his or her own

11

> name, severally or jointly, against any person, licensed under the laws of this State or of any other state to sell alcoholic liquor, who, by selling or giving alcoholic liquor, within or without the territorial limits of this State, causes the intoxication of such person.

58. Lee Hall was injured by an intoxicated person, Austin, who was sold or gifted alcoholic liquor by Esquire, which caused Austin's intoxication.

WHEREFORE, Plaintiff, LEE J. HALL, Individually and as Administrator of the Estate of LEE HALL, prays for judgment against Defendant, ESQUIRE LOUNGE, INC., in a sum not to exceed the statutory limits and for all other relief deemed appropriate.

**COUNT 9**
**LEE J. HALL, Individually and as Administrator of the Estate of MADISON HALL**
**v. ESQUIRE LOUNGE, INC.**
**DRAM SHOP ACT VIOLATIONS**

59. Plaintiff repeats and realleges paragraphs 1-27 of Plaintiff's Complaint as the allegations in Count 9 of Plaintiff's Complaint.

60. At all relevant times herein, the Dram Shop Act stated:

> Every person who is injured within this State, in person or property, by any intoxicated person has a right of action in his or her own name, severally or jointly, against any person, licensed under the laws of this State or of any other state to sell alcoholic liquor, who, by selling or giving alcoholic liquor, within or without the territorial limits of this State, causes the intoxication of such person.

61. Madison Hall was injured by an intoxicated person, Austin, who was sold or gifted alcoholic liquor by Esquire, which caused Austin's intoxication.

WHEREFORE, Plaintiff, LEE J. HALL, Individually and as Administrator of the Estate of MADISON HALL, prays for judgment against Defendant, ESQUIRE LOUNGE, INC., in a sum not to exceed the statutory limits and for all other relief deemed appropriate.

## COUNT 10
### LEE J. HALL, Individually v. 3BROS HOSPITALITY, LLC, dba POUR BROS. CRAFT TAPROOM
### DRAM SHOP ACT VIOLATIONS as to FELISHA HALL

62. Plaintiff repeats and realleges paragraphs 1-27 of Plaintiff's Complaint as the allegations in Count 10 of Plaintiff's Complaint.

63. At all relevant times herein, the Dram Shop Act stated:

> An action shall lie for injuries to either means of support or loss of society, but not both, caused by an intoxicated person or in consequence of the intoxication of any person resulting as hereinabove set out.

64. Plaintiff, on behalf of himself, brings this claim for the loss of means of support from and/or loss of society of FELISHA HALL.

WHEREFORE, Plaintiff, LEE J. HALL, Individually, prays for judgment against Defendant, 3BROS HOSPITALITY, LLC, dba POUR BROS. CRAFT TAPROOM, in a sum not to exceed the statutory limits and for all other relief deemed appropriate.

## COUNT 11
### LEE J. HALL, Individually v. 3BROS HOSPITALITY, LLC, dba POUR BROS. CRAFT TAPROOM
### DRAM SHOP ACT VIOLATIONS as to LEE HALL

65. Plaintiff repeats and realleges paragraphs 1-27 of Plaintiff's Complaint as the allegations in Count 11 of Plaintiff's Complaint.

66. At all relevant times herein, the Dram Shop Act stated:

> An action shall lie for injuries to either means of support or loss of society, but not both, caused by an intoxicated person or in consequence of the intoxication of any person resulting as hereinabove set out.

67. Plaintiff, on behalf of himself, brings this claim for the loss of means of support from and/or loss of society of LEE HALL.

13

WHEREFORE, Plaintiff, LEE J. HALL, Individually, prays for judgment against Defendant, 3BROS HOSPITALITY, LLC, dba POUR BROS. CRAFT TAPROOM, in a sum not to exceed the statutory limits and for all other relief deemed appropriate.

### COUNT 12
### LEE J. HALL, Individually v. 3BROS HOSPITALITY, LLC,
### dba POUR BROS. CRAFT TAPROOM
### DRAM SHOP ACT VIOLATIONS as to MADISON HALL

68. Plaintiff repeats and realleges paragraphs 1-27 of Plaintiff's Complaint as the allegations in Count 12 of Plaintiff's Complaint.

69. At all relevant times herein, the Dram Shop Act stated:

> An action shall lie for injuries to either means of support or loss of society, but not both, caused by an intoxicated person or in consequence of the intoxication of any person resulting as hereinabove set out.

70. Plaintiff, on behalf of himself, brings this claim for the loss of society of MADISON HALL.

WHEREFORE, Plaintiff, LEE J. HALL, Individually, prays for judgment against Defendant, 3BROS HOSPITALITY, LLC, dba POUR BROS. CRAFT TAPROOM, in a sum not to exceed the statutory limits and for all other relief deemed appropriate.

### COUNT 13
### LEE J. HALL, Individually and as Administrator of the Estate of FELISHA HALL
### v. 3BROS HOSPITALITY, LLC, dba POUR BROS. CRAFT TAPROOM
### DRAM SHOP ACT VIOLATIONS

71. Plaintiff repeats and realleges paragraphs 1-27 of Plaintiff's Complaint as the allegations in Count 13 of Plaintiff's Complaint.

72. At all relevant times herein, the Dram Shop Act stated:

> Every person who is injured within this State, in person or property, by any intoxicated person has a right of action in his or her own

14

> name, severally or jointly, against any person, licensed under the laws of this State or of any other state to sell alcoholic liquor, who, by selling or giving alcoholic liquor, within or without the territorial limits of this State, causes the intoxication of such person.

73. Felisha Hall was injured by an intoxicated person, Austin, who was sold or gifted alcoholic liquor by Pour Bros, which caused Austin's intoxication.

WHEREFORE, Plaintiff, LEE J. HALL, Individually and as Administrator of the Estate of FELISHA HALL, prays for judgment against Defendant, 3BROS HOSPITALITY, LLC, dba POUR BROS. CRAFT TAPROOM, in a sum not to exceed the statutory limits and for all other relief deemed appropriate.

### COUNT 14
### LEE J. HALL, Individually and as Administrator of the Estate of LEE HALL
### v. 3BROS HOSPITALITY, LLC, dba POUR BROS. CRAFT TAPROOM
### DRAM SHOP ACT VIOLATIONS

74. Plaintiff repeats and realleges paragraphs 1-27 of Plaintiff's Complaint as the allegations in Count 14 of Plaintiff's Complaint.

75. At all relevant times herein, the Dram Shop Act stated:

> Every person who is injured within this State, in person or property, by any intoxicated person has a right of action in his or her own name, severally or jointly, against any person, licensed under the laws of this State or of any other state to sell alcoholic liquor, who, by selling or giving alcoholic liquor, within or without the territorial limits of this State, causes the intoxication of such person.

76. Lee Hall was injured by an intoxicated person, Austin, who was sold or gifted alcoholic liquor by Pour Bros, which caused Austin's intoxication.

WHEREFORE, Plaintiff, LEE J. HALL, Individually and as Administrator of the Estate of LEE HALL, prays for judgment against Defendant, 3BROS HOSPITALITY, LLC, dba POUR BROS. CRAFT TAPROOM, in a sum not to exceed the statutory limits and for all other relief

deemed appropriate.

## COUNT 15
### LEE J. HALL, Individually and as Administrator of the Estate of MADISON HALL
### v. 3BROS HOSPITALITY, LLC, dba POUR BROS. CRAFT TAPROOM
### DRAM SHOP ACT VIOLATIONS

77. Plaintiff repeats and realleges paragraphs 1-27 of Plaintiff's Complaint as the allegations

in Count 15 of Plaintiff's Complaint.

78. At all relevant times herein, the Dram Shop Act stated:

> Every person who is injured within this State, in person or property,
> by any intoxicated person has a right of action in his or her own
> name, severally or jointly, against any person, licensed under the
> laws of this State or of any other state to sell alcoholic liquor, who,
> by selling or giving alcoholic liquor, within or without the territorial
> limits of this State, causes the intoxication of such person.

79. Madison Hall was injured by an intoxicated person, Austin, who was sold or gifted

alcoholic liquor by Pour Bros, which caused Austin's intoxication.

WHEREFORE, Plaintiff, LEE J. HALL, Individually and as Administrator of the Estate of

MADISON HALL, prays for judgment against Defendant, 3BROS HOSPITALITY, LLC, dba

POUR BROS. CRAFT TAPROOM, in a sum not to exceed the statutory limits and for all other

relief deemed appropriate.

## COUNT 16
### LEE J. HALL, Individually v. JUPITER'S BILLIARDS & PIZZERIA, INC.
### DRAM SHOP ACT VIOLATIONS as to FELISHA HALL

80. Plaintiff repeats and realleges paragraphs 1-27 of Plaintiff's Complaint as the allegations

in Count 16 of Plaintiff's Complaint.

81. At all relevant times herein, the Dram Shop Act stated:

> An action shall lie for injuries to either means of support or loss of
> society, but not both, caused by an intoxicated person or in
> consequence of the intoxication of any person resulting as

hereinabove set out.

82. Plaintiff, on behalf of himself, brings this claim for the loss of means of support from

and/or loss of society of FELISHA HALL.

WHEREFORE, Plaintiff, LEE J. HALL, Individually, prays for judgment against

Defendant, JUPITER'S BILLIARDS & PIZZERIA, INC., in a sum not to exceed the statutory

limits and for all other relief deemed appropriate.

## COUNT 17
### LEE J. HALL, Individually v. JUPITER'S BILLIARDS & PIZZERIA, INC.
### DRAM SHOP ACT VIOLATIONS as to LEE HALL

83. Plaintiff repeats and realleges paragraphs 1-27 of Plaintiff's Complaint as the allegations

in Count 17 of Plaintiff's Complaint.

84. At all relevant times herein, the Dram Shop Act stated:

> An action shall lie for injuries to either means of support or loss of
> society, but not both, caused by an intoxicated person or in
> consequence of the intoxication of any person resulting as
> hereinabove set out.

85. Plaintiff, on behalf of himself, brings this claim for the loss of means of support from

and/or loss of society of LEE HALL.

WHEREFORE, Plaintiff, LEE J. HALL, Individually, prays for judgment against

Defendant, JUPITER'S BILLIARDS & PIZZERIA, INC., in a sum not to exceed the statutory

limits and for all other relief deemed appropriate.

## COUNT 18
### LEE J. HALL, Individually v. JUPITER'S BILLIARDS & PIZZERIA, INC.
### DRAM SHOP ACT VIOLATIONS as to MADISON HALL

86. Plaintiff repeats and realleges paragraphs 1-27 of Plaintiff's Complaint as the allegations

in Count 18 of Plaintiff's Complaint.

17

87. At all relevant times herein, the Dram Shop Act stated:

> An action shall lie for injuries to either means of support or loss of society, but not both, caused by an intoxicated person or in consequence of the intoxication of any person resulting as hereinabove set out.

88. Plaintiff, on behalf of himself, brings this claim for the loss of society of MADISON

HALL.

WHEREFORE, Plaintiff, LEE J. HALL, Individually, prays for judgment against

Defendant, JUPITER'S BILLIARDS & PIZZERIA, INC., in a sum not to exceed the statutory

limits and for all other relief deemed appropriate.

### COUNT 19
**LEE J. HALL, Individually and as Administrator of the Estate of FELISHA HALL
v. JUPITER'S BILLIARDS & PIZZERIA, INC.
DRAM SHOP ACT VIOLATIONS**

89. Plaintiff repeats and realleges paragraphs 1-27 of Plaintiff's Complaint as the allegations

in Count 19 of Plaintiff's Complaint.

90. At all relevant times herein, the Dram Shop Act stated:

> Every person who is injured within this State, in person or property, by any intoxicated person has a right of action in his or her own name, severally or jointly, against any person, licensed under the laws of this State or of any other state to sell alcoholic liquor, who, by selling or giving alcoholic liquor, within or without the territorial limits of this State, causes the intoxication of such person.

91. Felisha Hall was injured by an intoxicated person, Austin, who was sold or gifted

alcoholic liquor by Jupiter's, which caused Austin's intoxication.

WHEREFORE, Plaintiff, LEE J. HALL, Individually and as Administrator of the Estate of

FELISHA HALL, prays for judgment against Defendant, JUPITER'S BILLIARDS & PIZZERIA,

INC., in a sum not to exceed the statutory limits and for all other relief deemed appropriate.

18

**COUNT 20**
**LEE J. HALL, Individually and as Administrator of the Estate of LEE HALL**
**v. JUPITER'S BILLIARDS & PIZZERIA, INC.**
**DRAM SHOP ACT VIOLATIONS**

92. Plaintiff repeats and realleges paragraphs 1-27 of Plaintiff's Complaint as the allegations

in Count 20 of Plaintiff's Complaint.

93. At all relevant times herein, the Dram Shop Act stated:

> Every person who is injured within this State, in person or property,
> by any intoxicated person has a right of action in his or her own
> name, severally or jointly, against any person, licensed under the
> laws of this State or of any other state to sell alcoholic liquor, who,
> by selling or giving alcoholic liquor, within or without the territorial
> limits of this State, causes the intoxication of such person.

94. Lee Hall was injured by an intoxicated person, Austin, who was sold or gifted

alcoholic liquor by Jupiter's, which caused Austin's intoxication.

WHEREFORE, Plaintiff, LEE J. HALL, Individually and as Administrator of the Estate of

LEE HALL, prays for judgment against Defendant, JUPITER'S BILLIARDS & PIZZERIA, INC.,

in a sum not to exceed the statutory limits and for all other relief deemed appropriate.

**COUNT 21**
**LEE J. HALL, Individually and as Administrator of the Estate of MADISON HALL**
**v. JUPITER'S BILLIARDS & PIZZERIA, INC.**
**DRAM SHOP ACT VIOLATIONS**

95. Plaintiff repeats and realleges paragraphs 1-27 of Plaintiff's Complaint as the allegations

in Count 21 of Plaintiff's Complaint.

96. At all relevant times herein, the Dram Shop Act stated:

> Every person who is injured within this State, in person or property,
> by any intoxicated person has a right of action in his or her own
> name, severally or jointly, against any person, licensed under the
> laws of this State or of any other state to sell alcoholic liquor, who,
> by selling or giving alcoholic liquor, within or without the territorial
> limits of this State, causes the intoxication of such person.

97. Madison Hall was injured by an intoxicated person, Austin, who was sold or gifted

alcoholic liquor by Jupiter's, which caused Austin's intoxication.

WHEREFORE, Plaintiff, LEE J. HALL, Individually and as Administrator of the Estate of

MADISON HALL, prays for judgment against Defendant, JUPITER'S BILLIARDS &

PIZZERIA, INC., in a sum not to exceed the statutory limits and for all other relief deemed

appropriate.

DATED: December 9, 2022                      RESPECTFULLY SUBMITTED,

By: /s/ Michael R. Bertucci
        Michael R. Bertucci
        IL SBN: 6326591
        Agruss Law Firm, LLC
        4809 N. Ravenswood Ave., Suite 419
        Chicago, IL 60640
        Tel: 312-224-4695
        Fax: 312-253-4451
        michael@agrusslawfirm.com
        Attorney for Plaintiff